**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

ANIA KARWAN,

        Plaintiff,

  v.

POLISH NATIONAL ALLIANCE, LODGE 3193, INC., *ET AL.*,

        Defendants.

Case No.: SACV 17-02129-CJC(KESx)

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

**I. INTRODUCTION & BACKGROUND**

On May 1, 2017, Plaintiff Ania Karwan filed this action in the Superior Court of California, County of Orange. (Dkt. 1-2.) Plaintiff brings causes of action for unpaid wages, unpaid overtime, missed meal and rest breaks, failure to pay wages upon

termination, reimbursement, violation of the California Unfair Competition Law, and retaliation. (Dkt. 1-4 [Second Amended Complaint, hereinafter "SAC"].)

In the operative Second Amended Complaint, Plaintiff named as Defendants Polish National Alliance, Lodge 3139, Inc. ("Lodge") and Polish National Alliance of the United States of North America ("PNA"). Plaintiff then voluntarily dismissed Lodge on November 7, 2017. On December 5, 2017, PNA, the sole remaining Defendant, removed the action to this Court. (Dkt. 1.) In its notice of removal, PNA invoked this Court's diversity jurisdiction. (*Id.*)

Plaintiff alleges that she has been employed by Defendants since 2013. (SAC ¶ 11.) Plaintiff alleges that for four years, Defendants "systematically denied [Plaintiff] the basic minimum wage and overtime compensation and other employee benefits to which she is entitled under applicable law." (*Id.* ¶ 10.) Plaintiff further alleges that Defendants "will likely take the position that [Plaintiff] was not an employee, but an independent contractor." (*Id.* ¶ 14.) Plaintiff seeks actual damages, statutory damages, and declaratory relief. (*See generally id.*) Plaintiff does not state an amount in controversy nor is the amount apparent from her factual allegations. (*Id.*)

Plaintiff now moves to remand the action to state court. (Dkt. 12 [hereinafter, "Mot."].) Plaintiff does not dispute the parties' diversity of citizenship, but asserts that PNA has failed to establish the amount in controversy requirement. (*Id.* at 2.) Because the Court agrees that PNA has failed to meet its burden, Plaintiff's motion to remand is **GRANTED**.[1] Plaintiff's concurrent motion for attorneys' fees is **DENIED**.

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for February 12, 2018, at 1:30 p.m. is hereby vacated and off calendar.

## II. LEGAL STANDARD

A civil action brought in a state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). The burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

A federal court has diversity jurisdiction over a civil action between citizens of different states, so long as the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. If at any time before final judgment, the court determines that it is without subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

When a defendant invokes diversity jurisdiction and "the complaint does not contain any specific amount of damages sought, the [defendant] bears the burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010). "Removal cannot be based simply upon conclusory allegations." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citation and quotation omitted). "This traditional rule of burden allocation to determine removal jurisdiction comports with the Supreme Court's view that 'the dominant note in the successive enactments of Congress relating to diversity jurisdiction is one of jealous restriction, of avoiding offense to state sensitiveness, and of relieving the federal courts of the overwhelming burden of business that intrinsically belongs to the state courts in order to keep them free for their distinctive federal business.'" *Lewis*, 627 F.3d at 399 (quotation omitted) (citing *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76 (1941)).

# III. DISCUSSION

### 1. Motion to Remand

Plaintiff argues that PNA has failed to meet its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Plaintiff explains that it provided a valuation of damages when it served PNA with an Offer to Compromise pursuant to California Code of Civil Procedure Section 998. (Dkt. 12-1 Ex. A.) The Offer to Compromise was served on July 24, 2017, prior to removal, and offered to settle the case for $12,000. (*Id.*) Plaintiff asserts that this Offer to Compromise demonstrates that the $75,000 amount in controversy requirement is not satisfied.

PNA offers no evidence to challenge Plaintiff's assertion. Instead, PNA offers various calculations of damages that are based on mere assumptions. (Dkt. 13 [Opposition, hereinafter "Opp."] at 11–12.) For example, PNA assumes that Plaintiff is seeking $166,400 on her first cause of action for failure to pay minimum wages. (*Id.* at 11.) PNA states that this is the amount due to Plaintiff for 208 weeks of work if her wage was ten dollars per hour and she worked five days a week for eight hours a day. (*Id.*) PNA offers no evidence of Plaintiff's actual wages or hours worked. Instead, PNA's calculation is based on the unwarranted assumption that Plaintiff worked full-time for four years and was not paid for any time worked. PNA conducts similar unsupported calculations for Plaintiff's other causes of actions, and concludes that "Plaintiff's employment allegations total $214,880." (*Id.* at 12.)

PNA also provides its view of the potential attorneys' fees and punitive damages in dispute, but these representations are unsupported by evidence. With respect to attorneys' fees, PNA merely submits a general, conclusory statement from its attorney that "the attorneys' fees request alone from a prevailing plaintiff in this type of action

will regularly and readily exceed the sum of $75,000." (Dkt. 15 [Declaration of Michael Hood] ¶ 6.) The statement is not supported by any analysis of the facts and claims at issue in *this* case.[2] PNA provides even less with respect to punitive damages. (Opp. at 14–15.) PNA simply posits that "the very existence of a prayer for punitive damages plausibly shows the amount in controversy to be greater than the jurisdictional requirement." (*Id.*) Again, PNA offers no evidence in support, and does not engage in any analysis of how the facts and circumstances of the instant case meet the amount in controversy requirement.

PNA has not met its burden to establish, by a preponderance of the evidence, the amount in controversy in this case. PNA has offered no evidence to support its calculations. Moreover, PNA has offered no evidence to dispute Plaintiff's argument that her Offer to Compromise reflects a valuation of her damages. Because PNA has failed to produce any contrary evidence, the Court can only conclude that the settlement offer of $12,000 reflects a reasonable estimate of Plaintiff's claims. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (holding that a settlement letter reflected a reasonable estimate of the plaintiff's claim absent any contrary evidence). Consequently, the Court lacks subject matter jurisdiction over the claims.

### 2. Motion for Attorneys' Fees

Plaintiff requests an award of attorneys' fees under 28 U.S.C. § 1447(c) for bringing the motion to remand. (Mot. at 4.) "[A]bsent unusual circumstances, attorney's fees should not be awarded [under Section 1447(c)] when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The Court finds that attorneys' fees are not warranted here.

---

[2] PNA also cites case law, purportedly in support of its assertion. But PNA provides no analysis explaining how the cases it cites are analogous to the instant case.

Although PNA has failed to prove the amount in controversy requirement, there is no indication that the removal was frivolous. It was objectively reasonable for PNA to be uncertain, at the time of removal, about the amount of damages at issue. Plaintiff's pleadings do not indicate the amount of damages requested and Plaintiff has not stipulated to limit her damages. Of course, Plaintiff is not required to take either action. But because Plaintiff has not done so, it was objectively reasonable for PNA to attempt to remove the action.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED** and Plaintiff's motion for attorneys' fees is **DENIED**.

DATED: February 8, 2018

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE